JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Candace Watkins, on behalf of herself and all others similarly situated,

**DEFENDANTS**
CLS & Associates, Inc., Stephen Reynolds and Christopher Roberto.

(b) County of Residence of First Listed Plaintiff: **Camden**

County of Residence of First Listed Defendant: **Bergen County**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Friedman Doherty, LLC, 125 North Route 73, West Berllin, NJ 08091; dmd@FriedmanDoherty.com; 856-988-7777

Attorneys (If Known): unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692 et seq

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____  DOCKET NUMBER _____

Explanation:

DATE: 7/28/10

SIGNATURE OF ATTORNEY OF RECORD

FRIEDMAN DOHERTY, LLC
Donald M. Doherty, Jr., Esq.
**(DD-0466)**
125 North Route 73
West Berlin, New Jersey  08091
(856) 988-7777
Attorneys for Plaintiff and Putative Class

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

| | |
|---|---|
| Candace Watkins, on behalf of herself, and all others similarly situated, | Civil Case No. 2:10-cv-00703 |
| *Plaintiff*, | *1St Amended* Complaint (Class Action with ind. claim) |
| vs. | |
| CLS & Associates, Inc., Stephen Reynolds and Christopher Roberto, | |
| *Defendants*. | |

Plaintiff hereby complains against the Defendants as follows:

### PARTIES

1. This action is brought by the Plaintiff on behalf of herself, and all others similarly situated, whose joinder in this action is impracticable because of the number of Plaintiffs and the size of their prospective claims.

2. Plaintiff Candace Watkins resides at 1007 Huntington Mews, Clementon, Camden County, NJ.

3. a. Defendant CLS & Associates, Inc. is a New Jersey corporation with a primary place of business located at 146 Third Street, Ridgefield Park, NJ 07660.

   b. Defendant Stephen Reynolds is a debt collector employed by Defendant CLS & Associates, Inc.

   c. Defendant Christopher Roberto is the CEO of CLS & Associates, Inc. and bears the responsibility for and receives the benefits of, CLS & Associates, Inc.'s collection processes.

1

## JURISDICTION

4. Jurisdiction is proper in the Federal District Court as the case is premised solely upon a federal question as defined under 28 U.S.C. 1331, to wit, application and interpretation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq.

5. Venue is properly lies in the District of New Jersey pursuant to 15 U.S.C. 1692k(d), as the plaintiff and many of those similarly situated to her reside in New Jersey.

## BACKGROUND

6. Defendants regularly collect, or attempts to collect debts due (or claimed to due) another. For example, in the instance of Ms. Watkins, Defendants were collecting an alleged debt due Hand Surgery & Rehabilitation Center.

7. Defendants engages in the collection of consumer debts. For example, in the instance of Ms. Watkins, the alleged debt being collected was for a medical procedure-related bill.

8. Defendants send out collection letters as part of their debt collection processes.

9. 
   A. Defendants initial contact correspondence does not contain any of the information regarding the validation of the debt required by the Fair Debt Collection Practices Act that a debt collector provide to an alleged debtor. Instead, it demands payment "within ten (10) days" to avoid litigation (over the $237.13 debt). In the instance of Ms. Watkins, this initial contact correspondence was dated February 5, 2010.

   B. The initial contact correspondence demands overshadows and conflicts with the 30-day right to have the debts verified available under the Fair Debt Collection Practices Act and fails to inform the debtor of the validation procedures and time frames.

   C. Defendants include language in the correspondence indicating that it will "file judgment" against the debtor at a point when there is no litigation even pending.

   D. Defendants correspondence references that the debtor will be responsible for "court legal costs, interest and legal fees" even though New Jersey law does not all the unilateral establishment of what a debtor must pay.

   E. The Defendant attempts to collect sums not permitted to be collected under New Jersey law.

   F. The Defendant confuses debtors as to the sum due. For example, with the Plaintiff, a letter was sent February 5, 2010 alleging $237.13 was due. Only 11 days later on February 16th, Defendant demands payment for $526.13.

## CLASS ALLEGATIONS

10. The first proposed class consists of all natural persons within the preceding 12 months to whom the Defendants directed correspondence regarding consumer debts similar to that received by the Plaintiff.

11. The notices complained of and received by the Plaintiff had the offending language pre-printed on the form, with standardized blanks containing the debt and the creditor, lending to the conclusion that it was standardized form practice. These are circumstances indicative of mass collection operation.

12. Members of the prospective classes are therefore likely too numerous that joinder of all class members is impractical. Plaintiff's good faith belief is that there are several hundred to several thousand class members in the class. The exact number and identities of the class members are currently unknown and can be ascertained from the books/records of the Defendant and/or appropriate discovery.

13. Common questions of law and fact exist as to all members of the class that predominate over any questions affecting any individual class member of the class.

14. Common questions of fact include, but may not be limited to:
    a. What volume of correspondence, alleged to violate the Fair Debt Collection Practices Act, was sent within the 1 year limitation period of 15 U.S.C. 1692k(d)?

15. Common questions of law include, but may not be limited to:
    a. Are the Defendants a "debt collector" within the purview of 15 U.S.C. 1692a(6)?
    b. Do the various contentions listed in paragraphs 6 through 9, constitute a violation(s) of the Fair Debt Collection Practices Act?
    c. If a class is certified and damages are awarded, what is the proper methodology for determining "net worth" under 15 U.S.C. 1692k(a)(2)(B)?

16. Plaintiff's claims are typical of the claims of the class(es) and Plaintiff has the same interest as all other members of the class(es) - ensuring Defendant complies with all laws affecting the collection of consumer debts.

17. Plaintiff will fairly and adequately represent and protect the interest of the classes. Plaintiff is a person against whom Defendant directed communication(s) that failed to comply with the Fair Debt Collection Practices Act.

18. Plaintiff has retained counsel with experience in class action litigation, as well as other complex litigation. The interest of the Plaintiff is coincident to, and not antagonistic to, the interest of other class members.

21. The questions of law and fact common to members of the class predominant over any

questions affecting individual class members. The prosecution of separate actions by individual members of the class would result in duplicitous litigation over the same issues and possibly create a risk of inconsistent or varying adjudications that could result in establishing inconsistent standards of conduct, policies and/or procedures for the Defendants. The Defendants holds policies and/or act in ways that affect all class members identically.

22. The class action mechanism is superior to other available methods for the fair and efficient adjudication of this controversy.

23. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation. Neither Plaintiff, nor her counsel, will have difficulty managing their respective roles in prosecuting this action as a class action.

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, *15 U.S.C. 1692 et. seq.*

24. Defendants fail to comply with statutorily mandated procedures and interpretive case law for the collection of debts due to their clients.

25. Defendant's practices violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et. seq.

*WHEREFORE*, Plaintiff requests judgment as follows:
a. Certifying a class or multiple classes, as may be appropriate;
b. Awarding such sums as appropriate under *15 U.S.C. 1692k*;
c. Awarding counsel fees and costs of suit;
d. Awarding pre-judgment interest;
e. Awarding other such relief as the Court may deem fair and equitable.

## Individual Claim(s)
### Background

1. After Defendants CLS & Associates, Inc. and Reynolds first contacted the Plaintiff by the initial correspondence referenced above, Defendants then contacted Plaintiff by telephone, including on February 6, 2010.

2. In those telephone conversations Defendant Reynolds repeatedly referenced putting a judgement on" the Plaintiff and that he was "electronically filing to garnish her wages".

3. This caused Plaintiff great distress.

4. This statements were also untrue. Defendants were unable to secure a judgement or a wage execution because a lawsuit had not even been filed.

5.  Defendant Roberto benefits from the collections made through the use of these false statements.

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, *15 U.S.C. 1692 et. seq.*

6.  Defendant fails to comply with statutorily mandated procedures and interpretive case law for the collection of debts due to their clients.

7.  These practices violate the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et. seq.

*WHEREFORE*, Plaintiff requests judgment as follows:
   a.   Awarding such sums as appropriate under *15 U.S.C. 1692k*;
   b.   Awarding counsel fees and costs of suit;
   c.   Awarding pre-judgment interest;
   d.   Awarding other such relief as the Court may deem fair and equitable.

FRIEDMAN DOHERTY, LLC
*/S/ Donald M. Doherty, Jr.*

Dated: July 28, 2010

DONALD M. DOHERTY, Esq.
DD-0446

5